CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 0 4 2007

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| COLETTE F. GENTRY, | CASE NO. 3:07CV00009 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's December 2, 2003 claim for supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. § 1381 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment to the extent it seeks remand, and REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner of Social Security as the defendant.

Administrative Law Judge (Law Judge) found that plaintiff was a literate, younger person[2] who was alleging a disability onset date of February 9, 2001. (R. 23.) The Law Judge further found that she had worked during the relevant time period; however, the record did not allow for a decision based solely on this work activity. (R. 16-17.) The Law Judge noted that the record suggested plaintiff had a problem with prescription drug abuse, but he concluded that she did not have a substance abuse disorder which significantly impacted her ability to work.[3] (R. 17, 19.) The Law Judge determined that plaintiff's musculoskeletal impairment is severe, but not severe enough to meet or equal any listed impairment[4], and that although her musculoskeletal injuries, spinal injuries, and knee surgery could be expected to produce some residual pain and limitations, her statements concerning the intensity, duration, and limiting effects were "not entirely credible." (R. 17-19.) The Law Judge further determined that plaintiff retained the residual functional capacity (RFC) to perform sedentary work which does not require the use of her left, non-dominant arm and does not require repetitive movements. (R. 18-19.) By application of the Medical-Vocational Guidelines ("grids") and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that the jobs of telemarketer and production inspector were available to plaintiff. (R. 23.) Thus, the Law Judge ultimately

---

[2]At her hearing before the Law Judge, plaintiff testified that she was thirty-seven years old. (R. 495.) Under the regulations, she is considered a "younger person." *See* 20 C.F.R. § 416.963(c)(stating that a person under fifty years old is referred to as a younger person.)

[3]*See* 20 C.F.R. § 416.935; *Begley v. Astrue*, 2007 WL 2138703 *10 (W.D. Va. 2007)(a claimant shall not be considered disabled if alcoholism or drug addiction would be a contributing factor material to the finding of disability).

[4]The Law Judge concluded that plaintiff's diabetes and situational depression were non-severe impairments. (R. 17.)

2

found that she was not disabled under the Act. (R. 23-24.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 5-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In a brief filed in support of her motion for summary judgment, plaintiff initially contends that the Law Judge erred in finding that her mental impairments were not a severe impairment.[5] (Plaintiff's Brief, pp. 7-11.) Specifically, she argues that the Law Judge failed to consider her testimony which would support a finding that her mental impairments would impact her ability to perform basic work activities, and that the Law Judge's finding that she suffers only mild situational depression is not supported by substantial evidence. (Pl's Brief, p. 8.) Plaintiff also argues that the Commissioner did not discharge his duty to fully develop the record, as there are no mental evaluations in the record. (Pl's Brief, pp. 10-11.) The undersigned agrees that the extent of her mental impairments and their impact on her ability to perform work-related activities has not been adequately or fully and fairly evaluated.

The record shows that plaintiff suffered with suicidal ideation, panic attacks, and depression (R. 151, 157, 196, 198, 304, 307, 309, 313, 502), and that she was being treated with antidepressants[6] (R. 209, 304, 307-308, 309, 313, 338, 423). The record also reveals that

---

[5] A "severe impairment" is one or a combination of impairments that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920

[6] The undersigned is not persuaded by the Commissioner's argument that plaintiff was being treated with antidepressants "usually" for the treatment of a physical condition. (Commissioner's Brief, p. 12.)

3

plaintiff suffered a self-inflicted wound to her left arm (R. 223), and that she tried to commit suicide by hanging herself (R. 199). The undersigned believes that this evidence certainly should have signaled to the Commissioner that plaintiff's mental impairments were at a level of severity which, at the least, in turn should have triggered further evaluation. Since there are no mental evaluations in the record before the court, and because there remain significant unanswered questions about the impact of her mental impairments on her ability to perform substantial gainful activity, good cause has been shown to remand the case to the Commissioner for further proceedings. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986)(holding that the Law Judge has a duty to develop the record beyond the evidence submitted by the claimant when that evidence is clearly inadequate).

Therefore, the undersigned RECOMMENDS that an Order enter GRANTING plaintiff's motion for summary judgment to the extent it seeks remand, and REMANDING the case to the Commissioner for further proceedings. The order should direct that in the event the Commissioner cannot grant benefits on the current record, he should recommit the case to a Law Judge for supplementary evidentiary proceedings in which each side may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. §

4

636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ B. Waugh
U.S. Magistrate Judge

10-4-07
Date